IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-00021 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DHS DAYTON TN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Waverly, Illinois, filed this pro se action under 42 U.S.C. § 1983 against "DHS Dayton, TN", TennCare, and BlueCare (Doc. No. 1). Webb also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), two Motions Requesting Summonses (Doc. Nos. 3, 11), Motion for Service of Process (Doc. No. 7), and Motion to Amend Complaint (Doc. No. 10).

### I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a

privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

Plaintiff's IFP Application (Doc. No. 2) reflects that he is unable to bear the costs of paying the filing fee in this case. Plaintiff states that his monthly income is "less than $1000", his monthly expenses total "$2000ish", and he currently has less than $1 each in Cash App and Venmo. (*Id.*) Therefore, Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

## II. MOTION TO AMEND COMPLAINT

Plaintiff filed a Motion to Amend Complaint (Doc. No. 10) along with a proposed Amended Complaint (Doc. No. 10-1). The proposed Amended Complaint contains no new Defendants, but rather only additional allegations offered in support of Plaintiff's claims. No Defendants have been served yet in this case.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Generally, courts have freely allowed amendment of pleadings barring substantial prejudice to the opposing party. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991). There being no prejudice to any opposing party at this stage of the litigation, Plaintiff's Motion (Doc. No. 10) is **GRANTED**.

## III. SCREENING OF THE IN FORMA PAUPERIS AMENDED COMPLAINT

The court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint

to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Amended Complaint describes difficulties Plaintiff has had obtaining EBT, TennCare, and BlueCare coverage. Plaintiff expresses disbelief that "this could all happen against [him] if these State employees were doing their jobs." (Doc. No. 10-1 at 5). Plaintiff believes the circumstances of his attempts to obtain state services are connected to "a real election conspiracy" involving his ex-wife and his prior divorce proceedings.[1] (*Id*. at 6). As relief, the Amended Complaint seeks $250,000,000. (*Id*.)

Plaintiff's claims are brought pursuant to Section 1983. "There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

Here, the Amended Complaint alleges that the Defendants acted under color of state law at all times relevant to this case. (*See* Doc. No. 10-1 at 5). The Court must consider, however,

---

[1] For example, the Amended Complaint alleges: "Defendants obstructed against me resulting in Court case(s) and deadlines missed during kidnapping(s) per fact that include a possible felony murder indictment of a Republican sitting Judge in which these circumstances may be direct result of my being blamed for that Judges' death. Defendants contributed to conspiracy against me by characters named in related case(s). These denials have resulted in . . . my 12 yr old son kidnapped, theft of property, tracking system, sexual predatorial behavior against me, and those who I trust turned on me." (Doc. No. 10-1 at 5).

whether these Defendants—even if they acted under color of state law—are immune from suits for monetary damages, such as this one.

To qualify for certain benefits (such as those benefits discussed in the Amended Complaint), Tennessee applicants must file an application in the "county office" in which they reside. Tenn. Code Ann. §§ 71-5-306-307. "County office" is defined as "the county office of the [Tennessee] department of human services ["DHS"]." Tenn. Code Ann. §§ 71-5-303(5), (2). The Court infers that by suing "DHS Dayton TN", Plaintiff is attempting to target the particular county office of DHS at which he applied for benefits. According to Plaintiff, he previously resided in Tennessee is temporarily residing in Illinois.

This Court has held that DHS is an arm of the State of Tennessee and therefore presumptively entitled to sovereign immunity, that the State's immunity has not been abrogated by Congress, and that therefore DHS is entitled to sovereign immunity. *See Hornberger v. Tenn.*, 782 F. Supp.2d 561 (M.D. Tenn. 2011) (Trauger, J.); *see also Ogletree v. Marler*, No. 3:19-cv-00189, 2019 WL 1437923, at *3-4 (M.D. Tenn. Apr. 1, 2019) (Crenshaw, Chief J.) (finding that the Tennessee DHS is a state agency and not a "person" subject to suit under Section 1983 and, as an agent of the State of Tennessee, it is entitled to sovereign immunity; exceptions to Eleventh Amendment immunity (consent to the suit and congressional abrogation) do not apply). In the instant case, the Amended Complaint seeks only monetary damages, so Plaintiff's claims against the Dayton office of DHS must be dismissed as this Defendant is entitled to sovereign immunity.

The Amended Complaint also names TennCare and BlueCare as Defendants. "The Tennessee Department of Finance and Administration's Division of TennCare is the state agency tasked with administering the federal Medicaid program in Tennessee." *Emer. Med. Care Facilities, P.C. v. Div. of TennCare*, 671 S.W.3d 507, 510 (Tenn. 2023). A state agency is not a

"person" under Section 1983. *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (state agency is not a "person" subject to suit under § 1983); *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("The Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985))). Therefore, Plaintiff has failed to state a Section 1983 claim against TennCare upon which relief may be granted.

BlueCare is one of two TennCare plans available for children under age 21, pregnant women, parents or caretaker relatives with a minor child, women who need treatment for breast or cervical cancer, and people who live in a nursing home with a monthly income of less than $2205 or get other long-term care services for which TennCare pays. *See* https://perma.cc/3L7S-5X3R (last visited June 25, 2025). An insurance plan is not a "person" subject to suit under Section 1983. Thus, Plaintiff also has failed to state a Section 1983 claim against BlueCare for which relief may be granted.

### III. CONCLUSION

For the reasons explained herein, the Amended Complaint fails to state Section 1983 claims upon which relief can be granted as to all named Defendants. Accordingly, this action is **DISMISSED.**

Plaintiff's Motion Requesting Summons, Motion for Service of Process, and Motion to Issue Summons (Doc. Nos. 3, 7, 11) are **DENIED AS MOOT**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE